Hankins v. Layne, Exr., and Others.

---

HANKINS V. LAYNE, EXR., AND OTHERS.

1. ADMINISTRATION: *Jurisdiction of chancery.*

A court of equity cannot lift an estate out of the probate court and proceed to administer it, nor even interfere to correct errors and irregularities where actual fraud is not alleged and proved, unless they are so gross and reckless as to make the inference of fraud necessary for the purposes of justice. Nor can it undertake to correct frauds in unconfirmed settlements. But it can interpose to correct frauds in confirmed settlements, and other frauds and gross mistakes in the course of administration not within, or having passed from, the jurisdiction of the probate court, and also to prevent impending irreparable injury where the probate court cannot give effectual relief.

2. SAME: *Same.*

The jurisdiction of a court of chancery in the administration of an estate ceases when the special matter for which it was invoked has been disposed of. As a general rule, when that is done the matter should be sent back to the probate court, with instructions if necessary.

3. SAME: *Jurisdiction of probate court.*

The probate court has ample power to charge an executor or administrator with any money or property of an estate with which he has fraudulently failed to charge himself, and, if need be, to compel him to file proper inventories and appraisements of its property coming to his hands as such, at any time before his final settlement and discharge.

4. JURISDICTION: *Of frauds of administrator in purchasing lands of estate.*

The probate court has no power to relieve against the fraud of an ad

ministrator in permitting the lands of the estate to be sold for taxes and purchasing them directly or indirectly for himself. Equity alone can grant appropriate relief.

5. PARTITION: *When title in dispute.*

It is a general rule that there can be no partition in an action to settle a disputed title to land. But where a court of chancery has possession of a cause upon some clear ground of equity jurisdiction wholly distinct from the matter of partition, then it may retain the cause for partition.

APPEAL from *Little River* Circuit Court, in Chancery. Hon. H. B. STUART, Judge.

*Jones & Martin*, for appellants.

The demurrer confesses the material allegations of the complaint. Two of the settlements attacked had been confirmed by the probate court, and the time for appealing had elapsed. Chancery had jurisdiction to correct these settlements, they being fraudulent. *36 Ark.. 383; 26 ib., 373; 39 ib., ——; 34 ib., 117.*

Allowing the lands to be sold for taxes, and buying them in in his own name, and the names of others with whom he was interested, is such a fraud as equity will relieve against. *40 Ark., 393.*

SMOOTE, Special Judge. This is a suit in equity by appellant, Emma Hankins, against appellees, John D. Layne and others, to surcharge and falsify the settlements of said John D. Layne, as the executor of Benjamin H. Layne, deceased, for alleged frauds therein, and for the correction of other alleged frauds of said executor in the course of administration, and for partition of the lands of the estate of said deceased.

35–48

It is stated in the complaint that Benjamin H. Layne died in Little River county, in 1866, after making his last will and testament, in which the appellee, John D. Layne, was named as executor. That the estate of said deceased consisted of valuable real and personal property, and that said John D. Layne qualified as executor, and had letters testamentary granted to him in August, 1866; and as such executor, about a year thereafter, filed an inventory of some choses in action; that there was a large amount of personal property other than said choses in action of which no inventory or appraisement was ever filed; that said executor had filed three settlements, two of which had been confirmed, the first on the 14th of June, 1870, and the second on the 24th of May, 1871, and that the third is still pending on exceptions in the probate court; that said executor had taken fraudulent credits in said second and third settlements, which are particularly specified, but which, from the view we take of the case, we do not deem it necessary to set out here. And it is further charged that said executor has converted to his own use, and fraudulently failed to charge himself with the personal property omitted to be inventoried and appraised, and has further fraudulently failed to charge himself with other sums which came to his hands during his executorship, and for rents collected by him, and the like.

The complaint further charges that there are large amounts of lands belonging to said estate which are particularly described, and that said executor fraudulently suffered a considerable part of them to be sold for taxes, and, in collusion with one Stocker, had him to buy in some of them, and in furtherance of said collusion had said Stocker to convey them to said executor's wife, who is a party defendant, for the use and benefit of said executor; and that said executor bought in for his own use and

in his own name others of said lands, knowing them to belong to the estate, and that the plaintiff has become largely interested therein by the purchase of shares.

The complaint further states that said executor has been removed, and one D. C. Hankins appointed administrator *de bonis non* in his place, and that all debts against the estate have been paid off in full.

The complaint was demurred to generally and for want of jurisdiction. The demurrer was sustained and the complaint dismissed, and the case has been brought here by appeal.

If it is determined that the complaint states a good cause of action, over which the chancery court has jurisdiction, then it should not have been dismissed, as to that, upon demurrer.

The extent to which a court of chancery has jurisdiction to interfere, for the purpose of correcting frauds and errors arising in the management of estates in course of administration in the courts of probate, is well settled. It cannot lift an estate out of a probate court and proceed to administer it in equity. It cannot even interfere to correct errors and irregularities where actual fraud is not alleged and shown, unless they are so gross and reckless as to make the inference of fraud necessary to the purposes of justice; nor can it take upon itself to correct frauds in unconfirmed settlements. But it can interpose to correct frauds in confirmed settlements, and other frauds and gross mistakes in the course of administration not within, or having passed from, the jurisdiction of the probate court, and also to prevent impending irreparable injury where the probate court cannot give effectual relief. But the jurisdiction of the chancery court ceases when the special matter for which that juridiction has been invoked has been disposed of. As a general rule,

1. ADMINIS-
TRATION:
Jurisdiction of
Equity in.

2. When
jurisdiction ceases

when that is done the matter should be sent back to the probate court with instructions if necessary. There may be, perhaps, exceptional cases, where the court of chancery might retain the matter for final disposition, such as are indicated in *Reinhardt v. Gartrell* cited below, and others like them. These conclusions have been reached from an examination and consideration of a long and uniform course of decisions heretofore rendered by this court. See *Moren v. McCowen, 23 Ark., 93; Reinhardt v. Gartrell, 33 ib., 727; West and Wife v. Waddell, ib., 575; Shegogg v. Perkins, 34 ib., 117; Jones v. Graham, 36 ib., 383; Jackson v. McNabb, 39 ib., 111; Trimble and Wife v. James, 40 ib., 393.*

We will now proceed to dispose of the questions here involved under the principles we have adduced from the foregoing authorities, and others to which it may be necessary to refer incidentally.

The fraudulent credits alleged in the second settlement (which had been confirmed when this suit was brought), are of such a character that it is more than probable we would have held them fit subjects for investigation in chancery if the objection had been made in time. But it appears upon the face of the complaint that this settlement was confirmed on the 24th day of May, 1871, and the complaint was filed on the 23d day of April, 1885, more than thirteen years after the settlement had been confirmed. There is no reason alleged for not bringing this suit for the correction of that matter sooner, and there was no concealment, as the credits were claimed in a public record. So the objection as to these credits is barred by limitation. *Hanf v. Whittington, 42 Ark., 491; McGaughy v. Brown, 46 ib., 25.*

3. Juris-diction of probate court. The third settlement, so far as this court knows, is still pending on exceptions in the probate court, hence all the

Hankins v. Layne, Exr., and Others.

fraudulent matters alleged in connection with it are still within the jurisdiction of, and under the control of the probate court, and cannot be questioned in this suit in equity. And the same is true of the frauds alleged against the executor for failing to charge himself in any of his settlements with the personal property he omitted to inventory, and other sums and property coming to his hands as such, or with which he ought to have been charged. The appellant, Mrs. Hankins, could, at the time she brought this suit, have called the attention of the probate court to these alleged fraudulent errors, by exception to the third settlement or other proper proceeding for that purpose, and have had them corrected if they existed in fact; and can still do so, so far as this court knows, as, upon the face of the record in this case, the third settlement still stands on exceptions and unconfirmed in the probate court. The probate court has exclusive original jurisdiction of such matters (see *Constitution, art. 7, sec. 34*), and courts of equity cannot exercise jurisdiction over them, except in cases of fraud in confirmed settlements, or upon the happening of some other circumstances which takes them out of the jurisdiction of the probate court. The probate court has ample power to charge an executor or administrator with any property or money of an estate with which he has fraudulently failed to charge himself, and if need be to compel him to file proper inventories and appraisements of its property coming to his hands as such, at any time before his final settlement and discharge.

We therefore conclude that the demurrer was properly sustained as to all the charges of fraud against the second and third settlements, and as to the charges of fraud against the executor failing to charge himself with other property and money not charged in any of his settlements,

as specified in the complaint, and affirm the judgment to that extent.

**4. Fraud in purchasing intestate's lands**

But the alleged fraudulent dealings of the executor with the lands of the estate stand on an entirely different footing. These are wholly outside of the jurisdiction of a court of probate, and can be nowhere so effectually corrected as in a court of equity; and that courts of equity have jurisdiction to correct them is beyond doubt. Dealings with the lands of an estate by an executor or administrator, such as those specified in the complaint, are grossly fraudulent, and a court of equity should give relief against them as soon as they are properly brought to its notice and made manifest by evidence. (*McGaughy v. Brown, 46 Ark., 25.*) The judgment of the court below is therefore reversed as to these charges of fraud in dealing with the lands, and this cause is remanded to it with instructions to overrule the demurrer to that extent, and to permit such of the defendants as desire to do so to answer; and upon final hearing, to decree, in regard to the alleged frauds in the land matter, according to the evidence and the law applicable thereto.

**5. Partition: When title in dispute.**

As the case goes back for further proceedings it is probably not amiss to say something as to the partition prayed for. It is a general rule that there can be no partition in an action to settle a disputed title to lands. This rule is approved and reiterated. But to this general rule there is at least one exception; that is to say, where the court of chancery has possession of the cause on some clear ground of equity jurisdiction, wholly distinct from the matter of partition, then the cause may be retained for partition. Both the rule and the exception may be found by examining the following cases: *Trapnall v. Hill, 31 Ark., 345; Davis v. Whitaker, 38 Ark., 435; London v. Overby, 40 Ark., 155; Moore v. Gordon, 44 Ark., 334;*

*Brisco v. Hambrick, 47 Ark., 335.* The exception to the rule is found in the facts in this case ; and the court below, upon disposing of the other matters involved, should proceed to make partition of· the lands among those entitled to them according to their several interests, and in the manner prescribed by law.