TERRELL *v.* EAGLE.

Opinion delivered January 20, 1908.

TRUST—ADMINISTRATOR PURCHASING LAND OF ESTATE.—A complaint which alleges that an administrator bought land of the estate at a commissioner's sale, and asks that he be declared a trustee for the estate, states a good cause of action.

Appeal from Lonoke Chancery Court; *Jesse C. Hart,* Chancellor; reversed.

The heirs of Foster Terrell, deceased, some of whom were minors, sued R. E. L. Eagle, individually and as administrator of Foster Terrell, M. T. Cilley, L. W. Coy, as treasurer of Arkansas Loan and Trust Co., Frank Barton and T. B. Goldsby.

The complaint alleged in substance that Foster Terrell died seized of certain land, including a homestead; that on May 16, 1891, he executed to Arkansas Loan & Trust Co., as agent, a note for $1,300, due five years after date, bearing ten per cent. interest and secured by deed of trust of the land; that on October 25, 1897, Foster Terrell having died, W. L. Terrell was appointed administrator of his estate; that $1,200 were paid on the above note; that such note was never probated; that, after the expiration of the period of nonclaim, the administrator filed final settlement, which was confirmed; that on March 23, 1901, upon application of R. E. L. Eagle, letters of administration were granted to him upon said Foster Terrell's estate while the final settlement of W. L. Terrell was pending; that no objections were made to such final settlement, and said estate was fully administered; that there were no debts probated and unpaid, and no personal property unadministered;

that said letters of Eagle were illegally issued, and his appointment was void; that defendant Eagle took possession of said lands, including the homestead, and rented same out; that defendant Eagle collected rents for which he failed to account; that on July 19, 1901, defendant Cilley filed a suit to foreclose the deed of trust above mentioned, and on May 25, 1902, a decree of foreclosure was rendered, and the commissioner sold the property to defendant Eagle for $1,400, and the sale was approved and deed executed to Eagle; that prior to the foreclosure suit Eagle by fraud procured deeds from several of the heirs for a nominal consideration; that at the time said Eagle as administrator had funds enough in his hands to pay off the indebtedness aforesaid; that his object in procuring letters of administration was to obtain the land, and that four days after purchasing it he conveyed it to Frank Barton for $6,600, in pursuance of a prearranged plan; that the plaintiffs were not legally served with process in said foreclosure suit, and did not appear therein; that a guardian *ad litem* was appointed in said foreclosure suit for the infant plaintiffs herein, who filed answer denying the allegations of the complaint, but no proof was submitted upon said issues; that plaintiffs have a meritorious defense, in that there has been no accounting for the payments made on the note secured by the first deed, that such note was barred, and that the lands were sold in a lump, including the homestead, and for a nominal consideration.

The prayer was that the foreclosure decree be set aside and the complaint in that case be dismissed; that the several deeds executed by the heirs to the said Eagle to be set aside, and he be declared a trustee, and enjoined from collecting the interest due from Barton; that Goldsby, as trustee for Arkansas Loan & Trust Company, be enjoined from paying over money coming to his hands as such trustee, and that Eagle be required to surrender the note and trust deed executed by Barton, and that he be required to account for the rents and profits.

Eagle demurred to the complaint upon the ground (1) that there was a misjoinder of causes of action; (2) that the complaint does not state facts sufficient to constitute a cause of action.

The court sustained the demurrer, and plaintiffs appealed.

*Trimble, Robinson & Trimble,* for appellants.

1.   In alleging fraud and collusion, a violation of a fiduciary relationship, and in seeking to establish and enforce a trust, the complaint states a cause of action of which the probate court has no jurisdiction, but which is cognizable solely in equity.   36 Ark. 383; 70 Ark. 444; 48 Ark. 550; 46 Ark. 25; 67 Ark. 522; 74 Ark. 231.   Having jurisdiction for one purpose, equity may grant complete relief, both legal and equitable.   75 Ark. 52; 77 Ark. 570.   Where the statute of non-claim has run, and no debt has been probated, there is no necessity for administration.   68 Ark. 449; 73 Ark. 45.

2.   An administrator holds property as trustee for the purposes of administration, and like other trustees he must show the utmost good faith in the management of the trust estate. He will not be permitted to reap any personal advantage by reason of his position, nor deal with the property for his own benefit.   7 Am. & Eng. Enc. of L. (1 Ed.) 233; 27 *Id.* 193, 196; 2 Current Law, 1943; 4 *Id.* 1750; 56 Am. Dec. 755; 75 Ark. 184.

3.   Where foreclosure suit is brought against. the trust property, it is the duty of the trustee to prevent, if possible, the foreclosure and sale, and if, having the funds to prevent the sale, he fails to do so, he is guilty of a breach of trust.   27 Am. & Eng. Enc. of L. (1 Ed.) 156; 14 Tex. 156; 7 Am. Dec. 475; 50 Fed. Rep. 853.   And if the trust property is sold under. a prior incumbrance, he is not permitted to purchase for his own benefit, but must account to the beneficiaries.   13 Mo. 176; 10 N. Y. 402; 64 Mo. 507; 75 Ind. 471.   See also 5 Hun (N. Y.) 16; 6 Col. 424; 6 Ill. 614; 18 Ill. 145; 98 Ill. 496; 122 Ill. 567; *Id.* 607; 28 Ill. App. 354; 27 Am. & Eng. Enc. of L. 261.

4.   Appellants have the right to have the administrator, Eagle, declared a trustee and directed to deliver to them the notes and trust deed executed by Barton.   108 Ind. 500. See also, as to jurisdiction and parties, 27 Am. & Eng. Enc. of L. 271, 289, 292; 2 L. Rep. (N. C.) 292; 15 Ill. 654; 16 Wend. (N. Y.) 460; 9 Fed. 793.

*J. H. Harrod,* for appellees.

1. That superior court judgments cannot be collaterally attacked needs no citation of authorities. *Boyd* v. *Roane,* 49 Ark. 397, establishes and reaffirms the propositions of law that (1) probate courts are superior courts; (2) when domestic judgments are collaterally attacked, the question of notice or lack of it must be tried upon an inspection of the record only; (3) in courts of general jurisdiction it is not necessary that the jurisdictional facts should appear of record, and (4) the appointment of a guardian *ad litem* raises the presumption of service on the minor. Tried by these rules, the complaint fails.

2. Every question that could properly have been litigated in the foreclosure suit, and was not litigated, is barred. 76 Ark. 423.

HILL, C. J. In the statement of facts will be found the complaint, which was met by a demurrer. The chancery court sustained it, and the plaintiffs brought the case here.

There are sufficient allegations in the complaint to make a cause of action in equity, within the principles announced in the cases of *Jones* v. *Graham,* 36 Ark. 383; *McGaughey* v. *Brown,* 46 Ark. 25; *Hankins* v. *Layne,* 48 Ark. 544; *Cornish* v. *Johns,* 74 Ark. 231.

Moreover, there are sufficient allegations which, if sustained by the evidence, would prevent Eagle reaping the benefit of his purchase, although the title may have been acquired in proceedings unassailable at law or in equity, on account of his conduct in acquiring the title himself, instead of protecting the estate of which he was administrator. Whether the allegations are sufficient to charge the purchaser with notice is not important to determine now, for, whether he is chargeable or not, the allegations are sufficient to hold Eagle as trustee, even if it be conceded that Barton is an innocent purchaser.

Appellee treats the complaint as an attack upon judgments of superior courts; but the court does not understand it as attacking the judgments, but as attacks upon Eagle's conduct. Some of the charges may be sufficient to collaterally attack judgments; that is not important on this hearing, however, for, if none are sufficient, still there is sufficient charged to hold Eagle as trustee.

.∴ Reversed and remanded, with directions to overrule the demurrer.

Mr Justice HART presided in the chancery court, and did not participate herein.