COPPEDGE V. WEAVER.

## Opinion delivered May 17, 1909.

1. WILLS—CONDITION.—Where a mother devised property to her adopted son, and added thereto a codicil to the effect that if the son persisted in marrying a certain lady the devise to 'him should go elsewhere, but if he did not marry her, and would get an education, the devise to him should stand, and the will made no provision for the son's education, although he was dependent on the mother, he did not forfeit the devise by failure to acquire an education, where he already, had a limited education. (Page 450.)

2. EQUITY—JURISDICTION TO ADMINISTER ESTATES.—A court of equity cannot lift an unadministered estate of a deceased person out of the probate court and proceed to administer it. (Page 451.)

3. SAME—JURISDICTION IN MATTERS OF FRAUD.—A court of equity has jurisdiction to cancel deeds procured by fraud. (Page 451.)

Appeal from Benton Chancery ·Court; *T. Haden Humphreys,* Chancellor; reversed in part.

*H. ·U. Funk* and *Carmichael, Brooks & Powers,* for appellant.

A misrepresentation, in order to avoid a contract, must relate to some matter of inducement to the making of the contract, even where the purchaser relies on the superior knowledge of the seller. 19 Ark. 522; 27 Ark. 244; 30 Ark. 362; 26 Ark. 28. A settlement with a *cestui que trust,* fairly made, will relieve the trustee from liability upon an accounting or any breach of trust of which he may have been guilty. 146 Mass. 344; 13 Am. St. 711. Where .a gift is limited to take effect in case two things occur, it will not take effect if only one of the things occur. 19 Atl. 119. Getting an education was a condition precedent to the vesting of the estate in appellee. 15 S. W. 511.

In construing a will, where the provisions are doubtful, the court will put itself in the position of the testator, and consider the circumstances which surrounded him; but this is unnecessary . where the language of the will is plain. 2 R. I. 80. The court will give effect to all the words of a will if it can be done by a reasonable construction not inconsistent with the manifest intention of the testator. 4 Mass. 208; 2 Ill. 275. A court of equity can interfere to correct fraud in confirmed settlements, and to prevent irreparable injury. 48 Ark. 544. Where a guardian pays

out more than he receives credit for, he should not be charged more than 6 per cent. interest on the balance due from him. 63 Ark. 450. A judgment against him for a balance due his intestate's heirs should bear only 6 per cent. interest. 85 Ark. 223.

*Rice & Rice* and *Walker & Walker*, for appellee.

. The only purpose of the codicil was to prevent her son from marrying Miss Webb, and not to punish him for failing to secure an education. The requirement to get an education was not intended to be testamentary; it only expressed desire, born of affection, good will and deep concern for her adopted son.

BATTLE, J. J. E. Weaver and his wife, Clara O. Weaver, having no children of their own, adopted Arthur E. Weaver as their child, he then being about three months old. After this J. E. Weaver executed a last will and testament, by which he devised and bequeathed to his wife, Clara O. Weaver, all his property, except one thousand dollars which he bequeathed to his wife to be held by her in trust for his adopted son until he arrived at his majority, when it was to be paid to him. J. E. Weaver died, and his wife undertook the execution of his will. After this the wife moved to Benton County, in this State, and remained there until 28th day of September, 1905, when she departed this life. Prior to that day she made a will, by which she devised and bequeathed to her adopted son, Arthur E. Weaver, her estate, if at the time of her death he was married or had lawful issue living; but, if at the time of her death he was unmarried and without issue, she devised and bequeathed one-half of her property to her brothers and sisters and the other half to Athur E. Weaver. Thereafter, on the second day of July, 1905, at Little Rock, in this State, she added to her will a codicil as follows:

"Little Rock, Ark., July 2, 1905.

"I wish to add to a former will made by me, and the only one existing, this clause. If my adopted son, Arthur E. Weaver, persists in marrying a certain Miss Estella Webb, I wish his share of my property, as bequeathed to him in my former will, to be equally divided among my brothers and sisters. . If he does not marry Miss Estella Webb, but will get an education, this

clause shall be of no effect, and he will get as directed in said former will."

At the time of her death Athur E. Weaver was unmarried and without issue. He never married Miss Estella Webb. Said will and codicil were probated, and testatrix's brother, Charles E. Coppedge, was appointed executor thereof, and took upon himself the administration of her estate and the execution of her will.

In November, 1907, Arthur E. Weaver instituted a suit in the Benton Chancery Court against Charles E. Coppedge and the other devisees and legatees, of Clara O. Weaver, and W. C Perry and Lon Kessler, in which, among other things, he alleged that Clara O. Weaver owned at the time of her death two lots or tracts of land in Benton County, one of them containing ten acres, and a large amount of personal property, all of which property, together with the $1,000 bequeathed to him by J. E. Weaver, came into the hands of Charles E. Coppedge, as his guardian, and he (Charles E.) had never accounted therefor to plaintiff. He further alleged that defendants Charles E. Coppedge and A. P. Coppedge by fraudulent representations induced plaintiff for a consideration of $50 to execute a contract releasing whatever interest he had in the estate of Clara O. Weaver and to accept $100 and execute deeds to A. P. Coppedge relinquishing his interest in the estate.

He, plaintiff, asked that Charles E. Coppedge account to him for the $1,000 bequeathed to him by J. E. Weaver, with ten per cent. interest; that deeds made to A. P. Coppedge be cancelled, and for judgment against the defendants, the devisees and legatees of Clara O. Weaver, for one-half interest of her estate, including rents and profits which have accrued since her death.

The defendants, except Perry and Kessler, answered and alleged that Clara O. Weaver loaned the $1,000, bequeathed to plaintiff by J. E. Weaver, in Kansas until her death, and after her death and after plaintiff was twenty-one years old it was invested by him (plaintiff) in the purchase from C. W. Lindsey of the *Wilsonville Review*, "a newspaper plant in the town of Wilsonville, Arkansas"; that plaintiff "wholly neglected and refused to go to school or to make any effort toward getting an education," according to the terms and condition of the codicil.

to the will of Clara O. Weaver; that this estate of the testatrix has not been settled, and is pending in the Benton County Probate Court, no final report having been filed; that plaintiff, on the first of May, 1908, executed to defendant A. P. Coppedge quitclaim deeds to both tracts of real estate owned by the deceased at the time of her death for a consideration of $50 each.

The defendant Perry answered and alleged that he and his wife, about the 13th day of June, 1907, purchased from the defendants, the legatees and devisees of Clara O. Weaver, the tract of land referred to in plaintiff's complaint, and which was not described as containing ten acres, and paid for the same $1,400; and that they had no notice at the time of the purchase of the plaintiff's claim to, or equities in, the land, and were *bona fide* purchasers for a valuable consideration.

Lon Kessler answered and alleged that he held the tract of land containing ten acres, mentioned in the complaint, by virtue of a contract of lease made with Clara O. Weaver in her lifetime, which will not expire until after the fruit season of 1910.

The court, after hearing the evidence adduced in this cause, found as follows: "First. The court finds that the defendant, Perry, purchased from the defendants other than the defendant Kessler the following described real estate situate in Benton County, Arkansas, to-wit: (describing it) at and for the sum of $1,400, and that said sum has been fully paid by the said Perry to the defendants herein other than the defendant Kessler, and that said Perry acquired a good and sufficient title thereto and free from all claims as against the plaintiff, Arthur E. Weaver, his heirs and assigns.

"Second. That in the lifetime of Clara O. Weaver she leased to the defendant, Lon Kessler, the following described real estate, situate in Benton County, Arkansas, to-wit: (describing it) ; and that the plaintiff and defendants, other than W. C. Perry, as legatees under the will of said Clara O. Weaver, succeeded to the title of said ten-acre tract as leased subject to the rights of the defendant Kessler as limited, defined and fixed by the terms of said lease.

"Third. The court further finds that about the month of September, 1905, Clara O. Weaver, in this county, departed this life testate and the owner of all the real estate herein mentioned,

and that by the terms of her last will her estate, including the lands hereinbefore described, was bequeathed to the plaintiff and defendants herein, other than the defendants Kessler and Perry, in the following parts and shares, that is to say, to the plaintiff, Arthur E. Weaver, the undivided one-half part or share in the property and estate of Clara O. Weaver, and to the defendants other than Kessler and Perry, equally between them, the undivided one-half part or share of the estate and property of the said Clara O. Weaver, and that said will has been duly probated in the office of the clerk of the probate court of Benton County, Arkansas.

"Fourth. The court further finds that the defendant A. P. Coppedge had in his hands the sum of one thousand dollars, the property of the plaintiff, Arthur E. Weaver, and due and payable to him upon his attaining his majority, which occurred in the month of April, 1907, and that the sum is past due and has never been paid to the plaintiff. The court further finds that the said A. P. Coppedge about the first of May, 1907, wrongfully, unlawfully and fraudulently procured from the possession of Arthur E. Weaver a certain piano, the property of the plaintiff and of the fair value of $275, and that said A. P. Coppedge has never accounted to said Weaver for the value of said piano; and that the defendant A. P. Coppedge is justly indebted to the plaintiff, Arthur E. Weaver, in the sum of twelve hundred and seventy-five dollars, together with interest on $275 thereof at the rate of ten per cent. since the first day of May, 1907, and that plaintiff is entitled to a lien on said A. P. Coppedge's share or interest in the ten-acre tract hereinbefore described to secure payment of said indebtedness and as a further security therefor to hold the title and possession of said piano and printing plant, fixtures and attachments known as the *Wilsonville Review,* together with the net rentals or earnings thereof, until said indebtedness is fully paid.

"Fifth. The court further finds that all the defendants other than the defendants Kessler and Perry sold and conveyed to said Perry the real estate hereinbefore described for the sum of $1,400, and that the defendant Charles E. Coppedge has paid out of said sum for commission, taxes, repairs and abstract of title the aggregate amount of $105.30, leaving a net balance of

$1,294.70, all of which balance was received and appropriated by the defendants, other than Kessler and Perry, to their own use and benefit, when in law and in fact $648.35 of said balance was the property of the plaintiff, and should have been paid to him, and that the plaintiff is entitled to recover from the defendants other than Kessler and Perry the sum of $107.95 each, together with the interest thereon at the rate of ten per cent. since the first day of August, 1907; and that plaintiff is entitled to a lien on the undivided one-half interest of said defendants in the ten-acre tract hereinbefore described to secure the payment of said indebtedness, aggregating $647.35 and interest since August, 1907, at 8 per cent.

"Sixth. The court further finds there came to the hands of defendant, Charles E. Coppedge, moneys and property of the estate of Clara O. Weaver, deceased, the sum of $1,240.94 and that of said sum he has accounted for and paid out, $—, for which he is entitled to credit, leaving a balance in his hands of $476.93, and that the plaintiff is entitled to recover from him the one-half thereof, to-wit, $238.46, and said sum of $238.36 has been paid to the defendants herein, other than Kessler and Perry, and that the plaintiff is entitled to recover of and from the defendants herein, other than Kessler and Perry, said sum of $238.46 or the sum of $39.75 each and interest thereon since the first day of August, 1907, at the rate of 8 per cent. per annum, and plaintiff is entitled to a lien on the undivided interest of said defendants in and to the said ten-acre tract hereinbefore described to secure the payment of the same.

"Seventh. The court further finds that the defendant A. P. Coppedge, on May 1, 1907, acting in concert with the defendant Charles E. Coppedge, and in his own behalf, and the defendants herein, other than Kessler and Perry, wrongfully and fraudulently induced and procured the plaintiff, Arthur E. Weaver, to execute and deliver to him, the said A. P. Coppedge, a deed of conveyance, dated May first, whereby said Weaver conveyed to said A. P. Coppedge all his right, title and interest in the ten-acre tract of land hereinbefore described, and thereafter the said defendants caused said deed to be recorded in the office of the recorder of Benton County, Arkansas, in Deed Record, Vol. 96, page 201, on the 28th day of July, 1908. The court

further finds that said deed and record thereof is null and void and ineffective to divest the plaintiff of his title in said tract of land, and that the defendants acquired no right or title in said land by virtue of said deed, and that the same and the record thereof should be cancelled."

The court rendered a decree according to the foregoing findings, and all the defendants, except Perry and Kessler, appealed.

The court erred in holding that the sale of the *Wilsonville Review* printing plant to plaintiff was void. The gross earnings of the plant by the week was about $25, and the expenses from $13 to $15 for the same time, and its reasonable market value was $1,000. For the year beginning December, 1905, the cash receipts of the office were $1,117.70. Plaintiff had worked in the office about five months before he purchased, and had ample opportunity to inspect and ascertain its value. A. P. Coppedge negotiated the purchase of the plant and devoted much time to instructing and aiding plaintiff in conducting the business, and for his services received a piano worth about $275. We do not think that it exceeded the value of the services, if any, so far as to render the transaction invalid or fraudulent. We therefore find that the sale of the plant to appellee was valid.

Appellants contend that appellee, Arthur E. Weaver, was not entitled to take anything under the will of Clara O. Weaver for two reasons, (1) because by the terms of the codicil to the will he was required to acquire an education, and that he failed to do so, and (2) he sold and transferred all his interest in her estate to appellants.

By reference to the codicil it will be seen that it contains only two clauses. The first prescribes the contingency that will defeat appellee's right to participate in the will, and that was the marrying Estella Webb. According to this clause, the will was to remain in force unless he married Estella Webb. The second clause prescribes when the first clause of the codicil (not the will) shall be of no effect. Nowhere in the will or codicil is the kind or extent of the education referred to defined, or the time in which it was to be acquired specified; and, although Arthur E. Weaver, an inexperienced youth, was dependent on her for support and maintenance, no provision was made to defray the

expenses incurred in acquiring it. No stress or importance was placed upon it as a condition, but it stands as the expression of mere desire. At the time this codicil was written Mrs. Weaver was in bad health, with no assurance or reason to believe that she could live much longer, which the sequel proved, as she died in about two months thereafter. It is reasonable to suppose then that, if an education in addition to that already acquired was intended to be made a condition upon which appellee was to take under the will, some provision would have been made for the payment of the expenses of acquiring it; and the extent of it and the time in which it was to be acquired would have been specified; and that the will would not have been made a nullity by such failures. He had already acquired a limited education, could read and write, and purchased a newspaper plant and went to work in a printer's office, a school within itself. Under the circumstances we do not think that he forfeited the legacy and devise given to him by the will.

The evidence sustains the findings of the court as to the execution of two deeds for real estate by appellee to appellant, A. P. Coppedge. Charles E. and A. P. Coppedge, sustaining to him confidential relation, represented to him that he was not entitled to anything under the will of Mrs. Weaver, and that the deeds were in accordance with the will and necessary to settle the estate. He believed their representations to be true, and, relying upon them, executed the deeds, and thereby conveyed an interest worth about $1,600 for $100 of the assets of the estate of Mrs. Weaver, one-half of which belonged to him. It is obvious that he did not intend to sell or convey one-half of the lands, worth $1,600 for $100, but to execute the deeds for the purpose of expediting the settlement of the estate. The deeds are void.

The chancery court undertook to close the administration of the estate of Clara O. Weaver, deceased, by charging Charles E. Coppedge, as executor, with the assets received by or chargeable to him, crediting him with the moneys paid by him with the assets, and dividing the remainder between the legatees and devisees of Clara O. Weaver, deceased. The estate was then unsettled, unadministered and pending in the Benton Probate Court, and no settlements had been made, and the chancery court had no authority to close the administration. It had jurisdiction to

cancel the deeds executed by Arthur E. Weaver to A. P. Coppedge for fraud. This subject is fully discussed in *Hankins* v. *Layne,* 48 Ark. 544.

The findings and decree of the court as to Perry and Kessler are not questioned by the appellants, and appellee has not appealed.

The decree as to Perry and Kessler, and as to the deeds executed by Arthur E. Weaver to A. P. Coppedge, is affirmed, and in other respects is reversed, and the cause is remanded with directions to the court to enter a decree in accordance with this opinion.