McCARLEY v. CARTER.

4-2972

Opinion delivered April 10, 1933.

*H. G. Wade,* for appellant.

*Thos. W. Hardy* and *R. H. Little,* for appellee.

McHANEY, J. This suit was instituted by appellant and two of the heirs of J. B. Barnes, deceased, against the other heirs of said Barnes to partition 147 acres of land

owned by him in his lifetime, and which descended on his death about 15 years ago to his widow for life and then to the heirs in fee. Ola Carter, wife of Will Carter, was one of said heirs, and on March 7, 1928, she executed a will to her husband, Will Carter, conveying "all interest I now own or might own at the time of my death in the following described lands," then describing the same lands sought to be partitioned. The will as probated then contained this clause: "I do this, not forgetting my child, Martha Francis." The will was signed by her and properly witnessed. Thereafter Ola Carter died on August 14, 1928, leaving surviving her one child, a daughter named Martha Francis as her sole heir at law, and her husband, Will Carter. The widow of J. B. Barnes died February 14, 1932, which terminated the life estate in the lands sought to be partitioned. The will of Ola Carter above mentioned was not offered for probate until February 4, 1930, although in the possession of Will Carter from the date of the death of his wife, Ola, on August 14, 1928, but on February 4, 1930, it was admitted to probate. On the same date, February 4, 1930, Will Carter executed and delivered to appellant his warranty deed to an undivided one-seventh interest in said lands for a consideration recited in the deed of $10, but actually $300 as testified to by appellant and Carter. The trial court found that Will Carter acquired no interest in the land under the will of his wife for the reason that the clause therein that, "I do this not forgetting my child Martha Francis" was not in the will of Ola Carter at the time of her death, but was a forgery and a fraud practiced on the probate court in procuring its judgment, and that as to said child Ola Carter died intestate, not having been mentioned in her will; and that appellant acquired no title to said land by reason of the deed to him by Carter. Decree was accordingly entered striking from the will the above mentioned clause and canceling the deed from Carter to appellant, and dismissing his complaint for want of equity. Partition was ordered on the complaint of another plaintiff and commissioners were appointed for this purpose. They were directed to divide the land among the heirs, having due

regard to quantity and quality, make their report to the court, and added that, "The commissioners will not designate the tract to be given to any particular tenant in common." There is here both an appeal and a cross appeal by appellees from the order last quoted.

Appellant demurred to the answer of Martha Francis Carter, by her guardian *ad litem*, alleging that the clause in the will mentioning her was a forgery, and that therefore appellant acquired no title to the land. The court overruled the demurrer, and this is assigned as error. It is argued that the defense to the action involved a collateral attack on the judgment of the probate court, and that the chancery court was without jurisdiction to annul the judgment of the probate court, except for fraud practiced upon the court in the procurement of the judgment. We think a sufficient answer to this proposition is that it was not sought to set aside the will as a whole or to annul the judgment of the court admitting it to probate. It is admitted that a valid will was executed by Ola Carter. Only one clause or sentence in the will is attacked. A will may be valid in part and invalid in part. *Hyatt* v. *Wroten*, 184 Ark. 847, 43 S. W. (2d) 726. Courts of equity have jurisdiction of partition suits, and necessarily must determine what interest or share each claimant has, if any, in and to the property sought to be partitioned. *Walker* v. *Eller*, 178 Ark. 183, 10 S. W. (2d) 14. The fact that a will has been admitted to probate does not preclude inquiry by another court, having jurisdiction of the subject-matter and the parties, into the rights of the parties under the will. This view of the matter makes it unnecessary to determine whether a fraud was practiced on the probate court. The decree of the court struck out the clause in the will: "I do this not forgetting my child, Martha Francis," and left the will valid in all other respects. The court properly overruled the demurrer.

It is next argued that the court erred in holding that the above clause in the will was a forgery, that is, that the evidence is insufficient to support the court's finding in this regard. We cannot agree with appellant, nor do we review the evidence in detail. The lawyer who drew

the will refused to testify that it was or was not in the will when he prepared it. Another lawyer testified positively that Carter brought the will to him after the death of Mrs. Carter to obtain advice as to his rights under it, and that clause was not in the will at that time. The clause shows to have been typewritten over an erasure and is not in line with that part immediately preceding it, being a little lower. The time it was kept and not probated after the death of Mrs. Carter is another circumstance to be considered. We think the preponderance of the evidence supports the court's finding of forgery.

It is also insisted that the court erred in canceling the deed from Carter to appellant, for the reason that under act 149 of 1925, p. 441, if Ola Carter died intestate, her husband was entitled to a life estate in one-third of her real property. That act so provides, but Ola Carter did not die intestate. She left a valid will. The fact that it was ineffectual to convey the land mentioned does not destroy the will. She died intestate as to her child Martha Francis, but not as to any one else.

Nor can we sustain appellant in his contention that he is an innocent purchaser. This court held in *Bird* v. *Jones,* 37 Ark. 195, that one purchasing land from a person who obtained his title by forgery cannot be treated as an innocent purchaser.

The court should have directed the commissioners to assign to each heir his respective share or interest in said land. Section 8104, Crawford & Moses' Digest.

Affirmed on appeal and reversed and remanded with directions to direct the commissioners to assign each heir his respective interest on cross appeal.

Smith, J., concurs; Kirby, J., dissents.