LINDA ELLEN SNOW AND MRS. DALE LOYD SMITH *v.* MARJORIE T. MARTENSEN

73-223                                    505 S.W. 2d 20

Opinion delivered February 11, 1974

*Crouch, Blair, Cypert & Waters,* for appellants.

*Wade, McAllister, Wade & Burke, P.A.,* for appellee.

J. FRED JONES, Justice. Blanche M. Box died testate having named a daughter, Mrs. Martensen, and two

grandchildren, Miss Snow and Mrs. Smith, as sole beneficiaries under her will. Mrs. Box willed her jewelry to her daughter Mrs. Martensen, and the remainder of her estate one-half to Mrs. Martensen and the other half to Miss Snow and Mrs. Smith.

Upon the death of Mrs. Box, Mrs. Martensen filed the will for probate and obtained her own appointment as personal representative. On May 10, 1973, she filed her inventory listing the assets of the estate as totaling $786.

Miss Snow and Mrs. Smith filed a petition challenging the inventory and alleging that funds in an account at the First Federal Savings and Loan Association in Fayetteville, Arkansas, were assets of Mrs. Box's estate and should be included in the inventory of the decedent's estate. They prayed for the removal of Mrs. Martensen as personal representative and for an accounting of withdrawals she had made from the savings account, both before and after the death of Mrs. Box.

As grounds for a special motion to dismiss, Mrs. Martensen alleged that she claimed the savings account in question as the sole owner; not as an heir or beneficiary having an interest in the estate, but in her own personal right as a stranger to the estate. She alleged that the savings account in question was a joint account with right of survivorship and so listed on the records of the First Federal Savings and Loan Association, and she demurred to the petition on the grounds that the probate court was without jurisdiction to determine the ownership of the funds in the savings account.

The appellants' petition for the removal of Mrs. Martensen as administratrix and their request for certain admissions were denied by the trial court, but since the case turns on the question of whether the probate court had jurisdiction of the subject matter under the facts and pleadings in this case, we confine our discussion to that issue.

The probate court sustained the demurrer and dismissed the petition for want of jurisdiction of the subject matter. On appeal to this court Miss Snow and Mrs. Smith

have designated one point they rely on for reversal. In substance they contend that the trial court erred in ruling that it did not have jurisdiction to hear the subject matter of their petition and in sustaining the demurrer thereto.

The trial court set out a clear and concise memorandum for precedent and as to jurisdiction, said:

"The point raised by demurrer here is that probate court has no jurisdiction to try title to property (the joint savings account) under the facts thus far made apparent. The demurrer admits the allegation of petitioners that there was, and is, a joint savings account in the names of testatrix and administratrix. The demurrer does *not* admit petitioners' assertion that the apparent joint savings account is not, *as a matter of law,* a survivorship account.

Thus, the contest as to the savings account emerges as one between administratrix, claiming ownership, not as administratrix, but in her own right, and the petitioners, claiming, in behalf of the estate, that the account belongs to the estate.

This posture brings the matter squarely within the aegis of the rules announced in *Hartman* v. *Hartman,* 228 Ark. 692, and cases there cited and discussed. Broadly stated, the rule is that probate court has jurisdiction to settle ownership of estate property as between or among contending heirs, devisees and interested persons, on a sort of 'in house' basis; but where, as here, a person who is otherwise an heir or devisee claims title *in his own right,* and not stemming from the will, such person is claiming *adversely* to the estate and as to other heirs and distributees, and as a stranger to the estate.

Such controversy, thus, must be resolved, not in probate court, but in the forum, either at law or in equity, which would have jurisdiction to try title."

As above indicated, the trial court relied on our decision in *Hartman* v. *Hartman,* 228 Ark. 692, 309 S.W. 2d 737.

We do not disagree with the trial court as to the rules announced in *Hartman*, but we do not agree that rules in *Hartman* apply to facts in the case at bar. In *Hartman* the decedent had sold real property prior to his death and had taken in part payment a series of promissory notes falling due annually. The notes were made payable to both Mr. and Mrs. Hartman who were husband and wife. Mrs. Hartman apparently entered into an agreement whereby she assigned her interest in some of the notes to Mr. Hartman in exchange for some remaining land owned by Mr. Hartman and the validity of the assignment was a part of the matter in litigation. Mrs. Hartman admitted by stipulation that the notes had been assigned to the estate of Mr. Hartman, but she apparently had retained possession of the notes. The probate court made no attempt to determine the validity of the assignment but it ordered Mrs. Hartman to deliver the notes in question to the administrator of the estate. We held that the probate court had jurisdiction to order the delivery of the notes to the administrator, and in that case we said:

"This leads to a discussion of the jurisdiction of the probate court in a discovery proceeding. Ark. Stat. § 62-413 provides for a discovery proceeding by the probate court in regard to alleged assets of an estate. Section 62-415 (Rev. Stat., ch. 4, § 50) provided for an attachment of any property found in such proceeding to belong to the estate.

In *Moss* v. *Sandefur*, 15 Ark. 381, it appears that if the person in possession of the property in issue has color of title thereto, the probate court does not have jurisdiction to order the delivery of the property to the administrator. And in *Ellsworth* v. *Cornes*, 204 Ark. 756, 165 S.W. 2d 57 (1942), it is held that the probate court does not have jurisdiction to determine title to contested property, *but it is pointed out that where the contest is between the executor or administrator and parties who claim as heirs or beneficiaries having some interest in the estate and who do not claim adversely or are strangers to it, the probate court has jurisdiction.*" (Our emphasis).

In *Hartman* we pointed out that when the new pro-

bate court code was adopted in 1949, the old statute for discovery was re-enacted[1] and the former statute providing for attachment was not re-enacted. The *Hartman* case turned, however, on the conceded fact that Mrs. Hartman had assigned the notes to Mr. Hartman prior to his death. Under this concession the probate court correctly considered the notes as assets of the estate and ordered Mrs. Hartman to surrender the notes to the administrator. Although admitting that the assignment had been made, Mrs. Hartman contended that the assignment itself was void. The probate court did not pass on that issue and it was not before us on appeal. We did point out that the burden was on Mrs. Hartman to establish her alleged invalidity of the assignment and that remedy was still available to her. Another primary difference in *Hartman* and the case at bar is that Mrs. Hartman was not the administratrix of Mr. Hartman's estate.

The case of *Thomas* v. *Thomas,* 150 Ark. 43, 233 S.W. 808, is more in point with the case before us for in that case the widow of the decedent was the administratrix of his estate. In *Thomas* the probate court found that certain property was the individual property of the widow and awarded it to her. The brothers and sisters of Thomas contended on appeal that the probate court had no jurisdiction to determine title to property when the dispute was between the administrator and others, and in that case this court said:

"It is true that the jurisdiction of the probate court is confined to the administration of the estate of the decedent. The probate court had jurisdiction to appoint appellee as administratrix of the estate of James Thomas, deceased, and to allot her dower in his estate as his widow. According to the evidence adduced by her, she and her husband lived on a farm in Ashley County, Arkansas, and he had accumulated considerable personal property which was kept on the farm. Certain articles of this property however, belonged to her, and the court gave it to her. In order to properly administer the estate of James Thomas, deceased, and to allot dower to his widow, it was

[1]Now Ark. Stat. Ann. § 62-2409 (Repl. 1971).

necessary for the court to determine what property belonged to the estate, and the question of the title to certain articles arose as a necessary incident to the determination of the main matter before the court. In such case the probate court can determine the question of title to the property, for this is necessary in properly administering the estate and allotting the property to those entitled to it as distributees under the statute. *King* v. *Stevens,* 146 Ark. 443.''

In the more recent case of *Carlson* v. *Carlson,* 224 Ark. 284, 273 S.W. 2d 542, Roy E. Carlson, Jr. was appointed administrator of his father's estate and he listed a truck as an asset in his inventory filed. The decedent's widow petitioned the probate court for the exclusion of the truck from the court's order of sale, asserting that her husband had given the truck to her. After hearing testimony on the matter, the probate court found in Mrs. Carlson's favor. On appeal to this court the only point raised was "the court's power to determine that Mrs. Carlson owned the truck." In this connection this court said:

"As to the contention that the probate court was without authority to vest title to the car in Mrs. Carlson, the answer in so far as this controversy is affected is to be found in *Thomas* v. *Thomas,* 150 Ark. 43, 223 S.W. 808, where Mr. Justice Hart said in a unanimous opinion that the probate court, in the exercise of its jurisdiction to administer the estates of decedents, is authorized to determine what property belongs to the estate. See *Ellsworth, Administrator* v. *Cornes,* 204 Ark. 756, 165 S.W. 2d 57.''

In the case of *Hobbs, Admr.* v. *Collins,* 234 Ark. 779, 354 S.W. 2d 551, cited by the appellants in the case at bar, the decedent Mr. Gaylor, had accumulated bank deposits and bonds worth about $40,000. A Mrs. Collins claimed that Gaylor had given 'her the money and bonds during his lifetime. The administrator of the estate had listed both the money and bonds as assets of the estate and Mrs. Collins filed exceptions to the inventory. The probate court found that Mrs. Collins was entitled to the money in the banks and on appeal to this court the administrator contended that the probate court did not have juris-

diction to determine the ownership of the money. While no objections to the jurisdiction of the probate court were made until the case reached this court on appeal, in our opinion in that case we said:

"The Probate Court was not without jurisdiction of the subject matter. *Carlson, Administrator* v. *Carlson,* 224 Ark. 284, 273 S.W. 2d 542, *Thomas* v. *Thomas,* 150 Ark. 43, 233 S.W. 808, *King* v. *Stevens,* 146 Ark. 443, 225 S.W. 656, Ark. Stats. § 62-2409. If appellant had not wanted to submit the issue of the ownership of the property to the Probate Court, objection should have been made before a full scale trial was had and then appellant would have been in a position to raise the question on appeal. It appears, however, that the Administrator voluntarily submitted to the jurisdiction of the Probate Court. This can be done. *Park* v. *McClemens,* 231 Ark. 983, 334 S.W. 2d 709."

In *Ellsworth* v. *Cornes,* 204 Ark. 756, 165 S.W. 2d 57, we stated a rule which we still adhere to and by which we measure the jurisdiction and distinguish the case at bar. In *Ellsworth* we said:

"Throughout its history, this court has held that probate courts are without jurisdiction to hear contests of and determine the title to property between personal representatives of deceased persons and third persons claiming title adversely to the estates of deceased persons. *Moss* v. *Sandefur,* 15 Ark. 381; *Mobley* v. *Andrews,* 55 Ark. 222, 17 S.W. 805; *Shane* v. *Dickson,* 111 Ark. 353, 163 S.W. 1140; *Fowler* v. *Frazier,* 116 Ark. 350, 172 S.W. 875; *Gordon* v. *Clark,* 149 Ark. 173, 232 S.W. 19; *Huff* v. *Hot Springs Savings, T. & G. Co.,* 185 Ark. 20, 45 S.W. 2d 508; *Sides* v. *Janes,* 188 Ark. 386, 66 S.W. 2d 617; *Ellis* v. *Shuffield,* 202 Ark. 723, 153 S.W. 2d 535."

In the case at bar we are unable to accept Mrs. Martensen or Miss Snow and Mrs. Smith as "third persons" claiming title to the funds involved adversely to the estate of Mrs. Box. Mrs. Martensen was the administratrix of the estate with will annexed and it was her duty to marshal all the assets of the estate and distribute them as

directed in the will under proper orders and approval of the probate court. If Mrs. Martensen was claiming title to the savings account as a third party and adversely to the estate, she certainly occupied an inconsistent position of claiming against an estate she was required to administer. For all practical purposes she was already in possession of the savings account and the question was whether it belonged to her or to the estate she was administering. If the probate court had no jurisdiction to determine this question, she would probably have no desire to go elsewhere.

Miss Snow and Mrs. Smith are not third persons claiming title to the funds adversely to the estate. They are beneficiaries under the will and as such beneficiaries, they are claiming the funds, not *against* the estate, but as their lawful share of the estate. If they were third parties claiming the funds adversely to the estate, they, of course, would have ample recourse outside of probate jurisdiction, but such is not the situation in the record before us. Miss Snow and Mrs. Smith would have no recourse against the savings and loan association in this case, because their claim is against the estate and not adversely to it. In any event, a suit by them in chancery or circuit court would place Mrs. Martensen in the conflicting position of defending her personal claim to the property involved as against the estate she is charged with administering, and would place the circuit or chancery court in the position of determining what are, and what are not, assets of the estate actually in the hands, or under complete control, of the personal representative. The fee of a personal representative, as well as the amount of required bond, is based on the value of the assets of the estate being administered and the allowance of such fee and fixing of such bond, fall within the exclusive jurisdiction of the probate court.

We are of the opinion that in the probation of wills or administration of estates the better rule would be that the probate courts do have jurisdiction to determine the ownership of property as between personal representatives claiming adversely to the estate, or adversely to the heirs or beneficiaries of estates claiming as such, and as between personal representatives claiming for the estates

and heirs or beneficiaries claiming adversely to the estates.

The order of the probate court is, therefore, reversed and this cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.