E. B. FENDLEY et al *v.* Johnnie Faye
LASTER

75-246                                            538 S.W. 2d 555

Opinion delivered July 19, 1976

*Bailey, Trimble & Holt,* for appellants.

*Frances D. Holtzendorff* and *Kay L. Matthews,* for appellee.

ROBERT HAYS WILLIAMS, Special Justice. This Appeal involves the validity of a gift causa mortis.

Briefly, Stanley Claude Fendley owned the Economy Drug Stores in Little Rock and the Appellee, Johnnie Faye Laster, was his trusted employee for many years. On December 23, 1967, Fendley suffered a severe and disabling heart attack from which he remained hospitalized for approximately two months.

On March 1, 1968, after returning home, he wrote and delivered a check to Johnnie Faye Laster for $10,000.00, which is the subject of the purported gift. In the lefthand corner he penned the following words, "Only Good In Case of Death SCF."

After the heart attack he only returned to the active management of his business affairs on a part time basis for the period of about a year. He died on June 21, 1973 at the age of 71. Prior to his death, on the 16th day of October, 1972, E. B. Fendley and C.B. Fendley were appointed Co-Guardians of the Person and Estate of Stanley Claude Fendley, because of his mental and physical incompetency.

Fendley died testate and Appellants who were appointed Co-Executors of his Estate, disallowed the claim of Johnnie Faye Laster for $10,000.00. Subsequently, the Probate Court of Pulaski County allowed it as a gift causa mortis.

Under these facts, about which there is no dispute, most of them having been stipulated, there is no question but that Stanley Claude Fendley attempted to make a gift to Johnnie

Faye Laster of $10,000.00 and effectively delivered the check representing the money to her. Also, in the opinion of the Court, there is no doubt but that he was apprehensive of death at the time he wrote and delivered the check to her. It is not difficult to conceive his state of mind at that time, having just undergone such a serious brush with death.

We reaffirm the rule announced in the case of *Smith, Administratrix, v. Clark,* 219 Ark. 751, 244 S.W. 2d 776, that a check may be the subject of a gift causa mortis.

There is no difficulty, therefore, in finding that the subject matter of a gift has been delivered by the donor to the donee at a time when the donor was under the apprehension of death from some existing disease, two of the requirements of a valid gift causa mortis.

The difficulty in this case, however, comes with the third requirement, that is, that the donor must die without recovering from the disease (or surviving the peril).

Did Fendley die without recovering from the disease which placed him in a state of apprehension during the last few days of 1967 and the first two months of 1968?

Under the stipulation of facts, Fendley did not return to full time management of his businsss interests but during the period between the heart attack and his death he did actively conduct some of his business affairs on a part time basis for about one year; and ultimately died from the existing heart condition on June 21, 1973. From the stipulation of the parties with reference to the testimony of John W. McCracken it appears that Fendley and McCracken, during this same period of time, went together to the Ochsner Clinic in New Orleans, Louisiana during which trip Fendley discussed the specific question here involved together with other business and personal matters. He also discussed this matter with Reeves Anderson as well as with the witness, Mrs. L. D. Bursott, and also discussed it with Joe Meek, Jr.

The cause of death as reflected on the Death Certificate signed by the attending physician was "acute pulmonary edema, arterioscleriotic heart disease, congestive heart failure

chronic".

In view of the time that Fendley lived after the apprehensive incident, in excess of five years, and of his activities during that period of time, though limited to some extent, we are of the opinion that it is not reasonable to say that he had not recovered from the disease which caused his apprehension and that the effort to establish a gift causa mortis must fail.

The case of *Ellsworth* v. *Cornes,* 204 Ark. 756, 165 S.W. 2d 57, quoted the rule from *Pomeroy's Equity,* 4th Ed., P. 2669, with reference to gifts causa mortis as follows:

> "When a gift causa mortis is made during sickness, it is essential, in order to perfect it and prevent a revocation, that the donor should die of the very same sickness from which he was then suffering, and there should be no intervening recovery between the illness and his final death; and it seems that the donee must affirmatively show the existence of all these facts."

The Courts as well as the text writers agree generally on the essentials as above quoted. None give any great amount of guidance as to what "recovery" should be limited or defined. In the case of *Smith, Administratrix* v. *Clark, supra,* the Court did say that in many of the reported cases the gift was made weeks, and even months, before the death of the donor. So that time of life subsequent to the incident is not the sole criteria.

That Fendley did leave his hospital bed and the hospital and did show some interest and activity in his business is at least convincing evidence that he "recovered" from the depth of the disease that caused him to be overly concerned about his chances of prolonged life. This, in addition to five years of prolonged life, convinces the Court that there was an intervening recovery between the illness and his final death.

This cause is, therefore, reversed and remanded to the Lower Court with directions to enter its Order consistent herewith.

Special Justice SAM HILBURN joins in this opinion.

JONES, J., dissents.

HOLT and ROY, JJ., disqualified and not participating.