John Edward GLADSON, Jr. *v.* Vickie Jean GLADSON, Executrix of the Estate of Ilene Godfrey Gladson

90-213                                          800 S.W.2d 709

Supreme Court of Arkansas
Opinion delivered December 17, 1990

*Webb & Doerpinghaus*, by: *Doyle L. Webb II*, for appellant.

*F. Wilson Bynum, Jr., P.A.*, for appellee.

TOM GLAZE, Justice. Ilene Gladson, now deceased, had two accounts with Dean Witter Reynolds that she held as joint tenant with right of survivorship with her husband and daughter, Vickie. Sometime after the accounts were opened, Mrs. Gladson's husband died, but the accounts otherwise remained unchanged. However, Mrs. Gladson did subsequently execute a will nominating Vickie as executrix of her estate and bequeathing, among other things, $5,000 from each of the two accounts to her son, John Gladson, Jr.

After Mrs. Gladson died, Vickie petitioned to admit her mother's will to probate. Because she claimed ownership to the two Dean Witter accounts as the surviving joint tenant, Vickie did not list those accounts in the inventory of Mrs. Gladson's estate. John disagreed with his sister's claim and requested that Vickie account for the funds in the accounts that their mother bequeathed him. The two parties submitted their dispute to the probate judge on stipulations and briefs, and the judge responded, holding in Vickie's favor. We affirm the trial judge's decision.

In his first argument, John cites *Hall* v. *Superior Federal Bank*, 303 Ark. 125, 794 S.W.2d 611 (1990), and argues his mother's mere opening of the Dean Witter accounts was not conclusive of her intent to establish them as joint tenancies with right of survivorship. Instead, he contends the trial courts should have considered Mrs. Gladson's will as controlling of her intent which reflected that the accounts should be included in her estate so her bequests to John could be fulfilled.

John's argument ignores the manner in which the parties submitted this case to the court below. Both parties stipulated that the two Dean Witter accounts created joint tenancies with right of survivorship in Mrs. Gladson, her husband and Vickie. In other words, they agreed Mrs. Gladson had opened the accounts

158

with the intent to create joint accounts with the right of survivorship. The only issue submitted to the trial court was whether Mrs. Gladson's will and bequest to her son can be said to have terminated the previously established accounts to which Vickie lays claim as the surviving tenant. The trial judge said no, and that being the only issue properly presented in this appeal, we agree.

Our court apparently has not addressed this issue. However, in *Miller* v. *Riegler*, 243 Ark. 251, 419 S.W.2d 599 (1967), we considered with approval the Arizona Supreme Court's discussion of the history of joint tenancy and that part of the discussion relevant here reads as follows:

> Another characteristic of joint tenancy is that it is not testamentary but "is a present estate in which both joint tenants are seized in the case of real estate, and possession in case of personal property, per my et per tout," that is, such joint tenant is seized by the half as well as by the whole. The right of survivorship in a joint tenancy therefore does not pass anything from the deceased to the surviving joint tenant. Inasmuch as both cotentants in a joint tenancy are possessors and owners per tout, *i.e.*, of the whole, the title of the first joint tenant who dies merely terminates and the survivor continues to possess and own the whole of the estate as before.

■ Consistent with the foregoing, the rule appears well settled that a devise by a joint tenant, who is survived by other joint tenants, is not effective to pass any title to the real estate in joint tenancy for the reason that the title passes by operation of law to the survivor or survivors. *See In re Estate of Alpert*, 95 Ill. 2d 377, 447 N.E.2d 796 (1983); *First United Presbyterian Church* v. *Christenson*, 33 Ill. App. 3d 928, 339 N.E.2d 15 (1975); *see also* 4A R. Powell, *Real Property* § 619.1 (1982); 20 Am. Jur. 2d *Cotenancy and Joint Ownership* § 3 (1965). Such a rule applies in full measure to personal property. *See Miller*, 243 Ark. 251, 419 S.W.2d 599. In sum, title to property held in joint tenancy takes precedence over the claim of a devisee, legatee or heir, as the case may be. *In re Estate of Alpert*, 95 Ill. 2d at 381, 447 N.E.2d at 798.

As previously noted, Vickie was the sole surviving tenant of

the survivorship accounts she held with her mother and father. As a consequence, Vickie acquired ownership to those funds by operation of law upon her mother's death. That ownership could not be terminated by Mrs. Gladson's will and bequests of funds contained in those accounts to John. Therefore, we affirm the trial court's holding that Vickie owns both accounts free and clear of any claim John has asserted by virtue of their mother's will and specific bequests.