Hughey E. JOLLY *v.* ESTATE of Ernestine Owen JOLLY,
Deceased

97-1316                                              970 S.W.2d 221

Supreme Court of Arkansas
Opinion delivered June 4, 1998

*Bachelor, Newell & Oliver,* by: *Stephen D. Oliver,* for appellant.

*Roachell Law Firm,* by: *Travis Creed,* for appellee.

DAVID NEWBERN, Justice. This appeal was certified to us by
the Arkansas Court of Appeals to resolve a question of first
impression. Ernestine Owen bought a truck. The title to the
truck showed the owners as "Hughey E. Jolly, Jr., or E.L. Owen."
Thereafter Mr. Jolly and Ms. Owen married. They entered an
antenuptial agreement, each relinquishing any rights in the sepa-

rate property of the other. Their separate properties were listed in the agreement, and the lists did not include the truck. Ms. Jolly, formerly E.L. Owen, died. Mr. Jolly remained in possession of the truck and had the title converted to show him as sole owner. Ms. Jolly's daughter, serving as executrix of her estate, obtained an order from the probate court requiring Mr. Jolly to appear for examination to discover assets, specifically directed to the truck. After a hearing on the matter, the probate judge ruled that the estate of Ms. Jolly owned a one-half interest in the truck. Mr. Jolly appealed, contending that he and Ms. Jolly had owned the truck jointly with right of survivorship, and thus he became the owner upon her death. We cannot reach the issue as the probate court lacked jurisdiction to try the title to the truck.

The probate court lacks jurisdiction to try title to property claimed by a "stranger" to the estate, *i.e.*, one who has no claim as a beneficiary of the estate or the personal representative. In *Snow v. Martensen*, 255 Ark. 1049, 505 S.W.2d 20 (1974), we dealt with a title contest between the administratrix of an estate, claiming property in her own right and not as a beneficiary or on behalf of the estate, and persons who were beneficiaries. We held that the administratrix, although claiming the property in her own right was not a "stranger" to the estate, and thus probate court had jurisdiction of the subject matter. We followed that case with *Hilburn v. First State Bank of Springdale*, 259 Ark. 569, 535 S.W.2d 810 (1976), in which the mother of the decedent filed exceptions to the inventory of the decedent's estate. She claimed that certain property listed as part of the estate belonged to her and that an undelivered deed purporting to convey property from her to the decedent had been surreptitiously obtained by the heirs. No question as to the subject-matter jurisdiction issue was raised by the parties, but we raised it. We overruled cases that had suggested that the jurisdiction issue could be waived and held that, as the decedent's mother was a "stranger" to the estate, the probate court lacked jurisdiction to determine title to the property in question. We distinguished the *Snow* decision on the basis that the claimants there were not "third parties."

It is clear that Mr. Jolly is a "stranger" or "third party" to the probate proceedings as he has no claim in the estate of Ms.

Jolly and is not acting as executor of the estate. As the probate court lacked jurisdiction of the matter at hand, so does this court. *Lawhon v. State*, 328 Ark. 335, 942 S.W.2d 864 (1997) ("If the trial court lacks jurisdiction, the appellate court also lacks jurisdiction."); *Craig v. Taylor*, 323 Ark. 363, 915 S.W.2d 257 (1996) ("When the trial court lacks subject-matter jurisdiction, the appellate court also lacks jurisdiction."). The case is remanded to the probate court for transfer to the proper court. *See* Ark. R. Civ. P. 12(h)(3).

Reversed and remanded.