William Martin O'FALLON, Administrator *v.* Ronnie O'FALLON, By and Through His Next Friend, Linda Ngar

98-226                                                    980 S.W.2d 246

Supreme Court of Arkansas
Opinion delivered November 19, 1998

*Gibson & Hashem*, by:  *Paul W. Keith*, for appellant.

*Ball, Barton & Hoffman*, by:  *David Hoffman*, for appellee.

ROBERT L. BROWN, Justice.  This appeal concerns the Estate of Barney O'Fallon and whether the decedent made a gift of a 1996 Chevrolet Camaro to his son, Ronnie O'Fallon, prior to his death.  The appellant, William Martin O'Fallon, is the administrator of Barney O'Fallon's intestate estate. The case was certified to this court from the Court of Appeals for us to interpret Ark. R. Civ. P. 5(a) and decide whether the record on appeal, which was shown as filed 91 days after the first notice of appeal, was timely.  Because of the history of this case, we conclude that the record was timely filed.  Thus, we need not reach the issue certified to us for determination.  However, because the probate court was without jurisdiction to decide the issue at hand, we reverse and remand the case for transfer to the proper court.

We initially discuss why the record was timely filed.  The order appealed from was entered by the probate judge on November 3, 1997.  William Martin O'Fallon, as administrator, filed his Notice of Appeal and Designation of the Record on November 19, 1997.  He next filed an Amended and Substituted Notice of Appeal and Designation of the Record on December 1, 1997. The administrator tendered the record to the Clerk of the Supreme Court on February 5, 1998, which was 78 days from the first notice of appeal.  The Clerk, however, advised counsel for the administrator that the record was deficient due to the probate clerk's failure to number the pages of the transcript consecutively. Counsel began the process of having the probate clerk correct the pagination, and during this period, he confirmed with the Supreme Court Clerk by letters dated February 11, 1998, and February 16, 1998, that the tender of the record on the 78th day

was tantamount to compliance with the 90-day rule. That correspondence is part of the file in this matter.

When the pagination in the record was corrected and the revised record was received on February 18, 1998, the Supreme Court Clerk's office docketed the record to show its receipt as of that day which was the 91st day. This was an error on the part of the Clerk's office. The docket sheet should have shown filing as of the 90th day because the practice of the Clerk's office is to deem a record timely filed when errors in form are corrected in a record that was initially tendered on time. *See D.B. Griffin Warehouse, Inc. v. Sanders*, 332 Ark. 510, 965 S.W.2d 784 (1998) (per curiam). Though *D.B. Griffin Warehouse, Inc. v. Sanders, supra*, refers to a seven-day period for correcting errors in form in the record, the seven-day extension period actually is the additional time allowed for filing briefs under our rules. *See* Ark. Sup. Ct. R. 4-4(f). We incorrectly applied the seven-day extension period to a record in the *D.B. Griffin Warehouse* case. For correcting errors in form in the record, the practice of the Supreme Court Clerk's office is to allow a longer period than seven days, if necessary. If the corrected record is filed within 90 days, that date of filing begins the briefing schedule. However, if a corrected record which has previously been tendered on time is submitted for filing after the 90-day period has run, it is shown as filed as of the 90th day rather than the date the record was first tendered. The reason for this is to allow the briefing schedule to begin to run as of the 90th day. We deem the record in this case to be timely filed. Hence, we need not consider the issue certified to this court regarding Ark. R. Civ. P. 5(a).

There is a second jurisdictional problem with this case, however. The matter comes to us as a dispute over an alleged gift of property made prior to the decedent's death. Ronnie O'Fallon does not claim the 1996 Chevrolet Camaro as a beneficiary of his father's estate but rather as a donee of a gift from his father made before his death. As such, he is claiming the property in his own right and as a "stranger" to the probate estate. *See Jolly v. Estate of Jolly*, 333 Ark. 394, 970 S.W.2d 221 (1998); *see also Ellsworth v. Cornes*, 204 Ark. 756, 165 S.W.2d 57 (1942). Because Ronnie O'Fallon has no claim to the car as a beneficiary of the probate

estate but is only an alleged donee of a gift, the appropriate jurisdiction for this matter was chancery court. *See id.; see also Hilburn v. First State Bank*, 259 Ark. 569, 535 S.W.2d 810 (1976). And because the probate court lacked jurisdiction of this matter, so does this court. *See Jolly v. Estate of Jolly, supra; Craig v. Traylor*, 323 Ark. 363, 915 S.W.2d 257 (1996). As we did in the *Jolly* case, we reverse the probate court's order and remand the case to the probate court for transfer to the proper court.

Reversed and remanded.