D.B. GRIFFIN WAREHOUSE, INC. *v.* Margaret SANDERS, Individually and as Administratrix of the Estate of Charles Sanders, Deceased; Travelers Insurance Company, Intervenor

97-1573                                    986 S.W.2d 835

Supreme Court of Arkansas
Opinion delivered January 28, 1999

*Daggett, Van Dover, Donovan & Perry, PLLC,* by: *J. Shane Baker,* for appellant.

*Wilson & Valley,* by: *E. Dion Wilson,* for appellee.

PER CURIAM. This is the second motion to dismiss filed by appellee Margaret Sanders. Sanders asserts that an error of law was committed in our first per curiam denying her motion to dismiss. *See D.B. Griffin Warehouse, Inc. v. Sanders,* 332 Ark. 510, 965 S.W.2d 784 (1998) (*per curiam*) (*Sanders I*). She urges that this court admitted its error in *O'Fallon v. O'Fallon,* 335 Ark. 229, 980 S.W.2d 246 (1998), and that we should rehear the original issue and dismiss this appeal. We decline to do so because Sanders misreads the *O'Fallon* decision.

In *Sanders I,* this court endorsed the longstanding practice of the Supreme Court Clerk's office to accept records as timely filed when the records are tendered on time and when defects in form are subsequently corrected. We said the same holds true when a filing fee is subsequently paid. In such cases, the date of tender becomes the date of filing and the record is marked filed as of that date. For purposes of the record tendered on December 26, 1997, in Sanders's case, the errors in form were corrected and the filing fee paid as of January 2, 1998. This meant that the record was considered filed as of December 26, 1997, and marked filed as of that date. That is also the date that the briefing schedule began to run.

The mistake referred to in *O'Fallon v. O'Fallon, supra,* does not help Sanders. In *O'Fallon,* we said that we were incor-

rect in *Sanders I* in referencing a seven-day window of opportunity to correct formal errors and to pay the filing fee. In truth, the seven-day period is for correcting briefs. *See* Ark. Sup. Ct. R. 4-3(k). As we said in *O'Fallon*, the period of time for correcting errors in form and paying a filing fee may be *longer*. Thus, the mistake alluded to in *O'Fallon* was that we circumscribed the time frame to seven days for correcting defects in form in *Sanders I*, when the practice of the Clerk's office is to allow even more time for that purpose when necessary. Manifestly, whether the time limit for corrections is seven days or longer does not benefit Sanders or support her motion to dismiss.

Motion denied.