Marilyn SMITH and Derrel Smith *v.* Phillip SMITH,
Administrator of the Estate of Mary K. Smith

98-1306                                                998 S.W.2d 745

Supreme Court of Arkansas
Opinion delivered September 16, 1999

*Keith & Miller, P.A.*, by: *Sean T. Keith*, for appellants.

*James Dunham*, for appellees.

DONALD L. CORBIN, Justice. This case involves the probate court's jurisdiction to determine ownership of funds held in a joint bank account as between the administrator of the decedent's estate and the widow and son of one of the decedent's heirs. The appeal was certified to us from the Arkansas Court of Appeals as presenting issues requiring further development and clarification of probate law. Our jurisdiction is thus pursuant to Ark. Sup. Ct. R. 1-2(b)(5). We conclude that the probate court lacked jurisdiction to decide the matter, and we reverse.

Mary K. Smith died intestate on July 23, 1995, after a battle with cancer. She was survived by her husband, Clarence G. Smith, and her three children, Appellee Phillip Smith, Carol Wilkerson, and Cline Smith. Phillip was appointed administrator of his mother's estate by the Franklin County Probate Court. Phillip filed an inventory of his mother's estate on November 15, 1995. Included among the listed assets was a joint checking account, having a right of survivorship, that contained approximately $43,000. The joint account was opened in 1983 in the names of Mary K. Smith or Phillip K. Smith. The account's owners remained the same until 1995, around the time that Mary became ill. From February 1995 to the time of Mary's death, ownership of the account changed three times. At the time of Mary's death, the listed owners were Mary K. Smith or Cline G. Smith.

Cline died on January 29, 1996, approximately six months after Mary's death; he, too had suffered from cancer. Cline was survived by his wife and son, Appellants Marilyn Smith and Derrel Smith. After Cline's death, Appellants appeared in the probate proceedings and objected to the inclusion of the joint bank account in Mary's estate. They contended that because the account provided for a right of survivorship, the money belonged

to Cline, and, correspondingly, to them as Cline's heir and widow.[1] The probate court ruled that the funds were the property of Mary's estate. In a letter order, the probate judge explained his ruling: "Essentially, it was my belief, and still is my belief, that Mr. Cline Smith was holding this account in trust for the other heirs until such time as Mrs. Mary Smith had no further use of it." This appeal followed.

For reversal, Marilyn and Derrel argue that the probate court lacked jurisdiction to determine ownership of the funds in the joint bank account because they are strangers or third parties to Mary's estate. They argue further that the probate court lacked jurisdiction to fashion the equitable remedy of a constructive trust. Additionally, they assert that the probate court erred in ordering that Mary's surviving husband be paid a $2,000 statutory allowance, pursuant to Ark. Code Ann. § 28-39-101(a)(1) (1987), from the bank account in question. We agree that the probate court acted without jurisdiction in this matter.

■ The probate court is a court of special and limited jurisdiction; it has only such jurisdiction and powers as are expressly conferred by statute or the constitution, or necessarily incident thereto. *Hilburn v. First State Bank*, 259 Ark. 569, 535 S.W.2d 810 (1976). This court has long recognized that the probate court lacks jurisdiction to determine contests over property rights and titles between the personal representative and third parties or strangers to the estate. *Id.* (citing *Snow v. Martensen*, 255 Ark. 1049, 505 S.W.2d 20 (1974); *Ellsworth v. Cornes*, 204 Ark. 756, 165 S.W.2d 57 (1942); *Huff v. Hot Springs Sav., Trust & Guar. Co.*, 185 Ark. 20, 45 S.W.2d 508 (1932); *Gordon v. Clark*, 149 Ark. 173, 232 S.W. 19 (1921); *Shane v. Dickson*, 111 Ark. 353, 163 S.W. 1140 (1914); *Fancher v. Kenner*, 110 Ark. 117, 161 S.W. 166 (1913); *Moss v. Sandefur*, 15 Ark. 381 (1854)). In other words, "[t]he probate court lacks jurisdiction to try title to property claimed by a 'stranger' to the estate, *i.e.*, one who has no claim as a beneficiary of the estate or the personal representative." *Jolly v. Estate of Jolly*, 333 Ark. 394, 395, 970 S.W.2d 221, 222 (1998).

---

[1] According to Marilyn Smith's testimony, no probate estate has been commenced for Cline Smith.

Furthermore, it matters not whether the disputed property is in the possession of the administrator or the third-party stranger, as the probate court lacks jurisdiction in either case. *Ellsworth*, 204 Ark. 756, 165 S.W.2d 57; *Bratcher v. Bratcher*, 36 Ark. App. 206, 821 S.W.2d 481 (1991).

■ This court has defined a "stranger" to the estate as one who is not an heir, distributee or devisee of the decedent, or a beneficiary of or claimant against the decedent's estate. *Hilburn*, 259 Ark. 569, 535 S.W.2d 810. There are numerous cases from this court and the court of appeals addressing the issue of who is a stranger to an estate. For example, in *Ellsworth*, 204 Ark. 756, 765, 165 S.W.2d 57, 61, this court held that the decedent's step-daughter was not an heir, distributee, or beneficiary of the estate and was, therefore, "a stranger to the blood and to the estate." In *Hilburn*, 259 Ark. 569, 535 S.W.2d 810, this court ruled that the decedent's mother was a stranger to the estate. In *Jolly*, 333 Ark. 394, 970 S.W.2d 221, this court determined that the decedent's husband was a stranger to the proceedings in probate court because he had no claim in his wife's estate and was not the execu-tor of the estate. Likewise, in *Bratcher*, 36 Ark. App. 206, 821 S.W.2d 481, the court of appeals held that the decedent's spouse, who was not provided for in the decedent's will, was a stranger to the estate because her claim was based entirely on an antenuptial agreement. In *Guess v. Going*, 62 Ark. App. 19, 966 S.W.2d 930 (1998), the court of appeals held that the decedent's grand-daughter and husband were strangers to the estate, as they were not heirs, distributees or devisees, beneficiaries of or claimants against the estate.

■ ■ Applying the foregoing holdings to the case at hand, it is clear that Marilyn Smith and Derrel Smith are strangers to the estate of Mary K. Smith, as they are not her heirs, distributees, devisees, or beneficiaries of or claimants against her estate. We are not persuaded by Phillip's argument that Marilyn and Derrel were acting as the representatives of Cline's interest in Mary's estate. There is simply no evidence to indicate that the probate court appointed them as Cline's representatives or substituted them as parties to the proceedings. Rather, it appears that Marilyn and Derrel were acting in their own individual capacities, as widow

and surviving heir of Cline. Accordingly, they were strangers to Mary's estate. The title dispute was thus one between the administrator and strangers to the estate, and the probate court was, therefore, without jurisdiction to determine the ownership of the funds in the joint bank account. Similarly, the probate court was without authority to order payment from that account of the $2,000 statutory allowance to Mary's husband. Because the probate court lacked jurisdiction, so does this court. *Jolly*, 333 Ark. 394, 970 S.W.2d 221. We thus reverse and dismiss the probate court's ruling.

GLAZE and IMBER, JJ., concur on the basis that the case should be dismissed on the ground that Appellants have no standing.