George HAMAKER and Jane Hamaker Bowman *v.* June Hamaker STRICKLAND

99-1274                                  12 S.W.3d 210

Supreme Court of Arkansas
Opinion delivered March 9, 2000

---

594

*Wells Law Office*, by: *Bill G. Wells*, for appellant.

*Haley, Claycomd, Roper, & Anderson*, by: *Richard L. Roper*, for appellee.

DONALD L. CORBIN, Justice. Appellants George Hamaker and Jane Hamaker Bowman appeal the judgment of the Bradley County Probate Court denying their claim against the estate of Robert Lee Hamaker. For reversal, Appellants argue that the probate court erred: (1) in finding that the statute of limitations barred their claim against the estate; and (2) in denying their peti-

tion to compel an inventory of the estate. This case was certified to us from the Arkansas Court of Appeals pursuant to Ark. Code Ann. § 28-1-116(a) (1987); thus our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(d). We conclude that the probate court was without jurisdiction to decide this matter, and we reverse.

This case involves a dispute over proceeds from the sale of timber from land owned as a tenancy in common. The record reveals that Robert Lee Hamaker and Reaves Hamaker were brothers who inherited forty acres of land in Banks, Arkansas, from their father George Hamaker. Robert married several times, but never had any children. Reaves married and had two children, Appellants. Robert lived on the land in Banks, while Reaves moved his family to Florida. Following the death of their father, Appellants gained title to the forty acres of land as tenants in common with their uncle.

In 1988, Robert sold $15,970.04 worth of timber from the land. In 1990, he again sold $32,405.72 worth of timber. He never notified Appellants, his co-tenants, of these sales, or shared the proceeds with them. According to Appellants, they visited this property very little. They contend that they did not learn of the timber sales until after their uncle's death on June 6, 1995. Appellant George Hamaker testified that he noticed much of the timber had been removed from the land when he visited the property after his uncle's funeral. George in turn notified his sister Jane of the timber removal. Appellants then made inquiries regarding the timber and discovered the two prior sales by their uncle.

Robert died testate, and his will was admitted to probate on June 19, 1996. That will named his widow, Appellee June Hamaker Strickland, as sole beneficiary, as well as personal representative of his estate. The will also provided that in the event his wife predeceased him, his estate would then pass to Appellants. Notice of the will was first published on June 26, 1996. Appellants, however, claimed they did not receive notice until September 21, 1996. Nevertheless, they filed a claim against the estate for $24,187.88, one-half of the proceeds from the sale of the timber, on September 16, 1996. Appellee filed a response, arguing that the claim was barred by the statute of limitations. Appellants subsequently filed a petition with the probate court seeking an order to compel an inventory of their uncle's estate.

A hearing was held on March 1, 1999, during which the parties stipulated to the facts surrounding the two timber sales. Appellants testified that they visited the land infrequently and did not learn of the timber removal until after the death of their uncle. After receiving briefs on the issue, the probate judge found that the statute of limitations began to run at the time that Appellants' uncle sold the timber, thus barring Appellants' claim. Furthermore, he denied the parties' motion to compel an inventory of the estate. From these orders come this appeal.

Appellants argue on appeal that their uncle as a tenant in common was a fiduciary and had a confidential relationship with them. Therefore, Appellants assert that the statute of limitations did not begin to run until they received notice of the sale. Appellee responds that Appellants' cause of action sounds in trespass, and that the three-year statute of limitations began to run at the time of the trespass. Although neither party raises the issue, we reverse on the ground that the probate court lacked jurisdiction to hear this matter.

■ ■ Subject-matter jurisdiction is always open, cannot be waived, can be questioned for the first time on appeal, and can even be raised by this court. *Hilburn v. First State Bank*, 259 Ark. 569, 535 S.W.2d 810 (1976). In fact, this court has a duty to determine whether or not we have jurisdiction of the subject matter of an appeal. *Id.* The probate court is a court of special and limited jurisdiction, even though it is a court of superior and general jurisdiction within those limits. *Smith v. Smith*, 338 Ark. 526, 998 S.W.2d 745 (1999); *Hilburn*, 259 Ark. 569, 535 S.W.2d 810. It has only such jurisdiction and powers as are expressly conferred by statute or the constitution, or necessarily incident thereto. *Id.* The constitution vested in the probate courts exclusive original jurisdiction "in matters relative to the probate of wills, the estates of deceased persons, executors, administrators, guardians, and persons of unsound mind and their estates, as is now vested in courts of probate, or may be hereafter prescribed by law." Ark. Const. art. 7, § 34, as amended by Amend. 24, § 1; *Hilburn*, 259 Ark. at 572, 535 S.W.2d at 812. The judge of the probate court shall be responsible for trying all issues of law and of facts arising in causes or proceedings within the jurisdiction of his court. *Id.* The probate court, however, lacks jurisdiction to determine contests over property rights and titles between the personal representative and third par-

ties or "strangers" to the estate. *Smith*, 338 Ark. 526, 998 S.W.2d 745.

■■ We have defined a "stranger" to the estate as one who is not an heir, distributee or devisee of the decedent, or a beneficiary of or claimant against the decedent's estate. *Id.* It is true that Appellants in the present matter were designated as contingent beneficiaries in their uncle's will. Mrs. Hamaker, however, did not predecease her husband, and thus, became the sole heir to his estate. Appellants, therefore, can no longer be considered beneficiaries of their uncle's estate.

■■ Moreover, Appellants cannot be considered claimants to the estate. In *Pickens v. Black*, 316 Ark. 499, 872 S.W.2d 405 (1994), this court held that the appellants' claim to real property based on an alleged oral contract between them and their father and their status as remaindermen were not claims against the estate, but rather represented claims made adversely to the estate by those who were not beneficiaries of the estate. That is the situation now before us. Appellants' claim against the estate is not a claim made as beneficiaries; rather, it is a claim made adversely to the estate by parties with no legal or equitable rights under the estate. The following passage from *Ellsworth v. Cornes*, 204 Ark. 756, 165 S.W.2d 57 (1942), proves enlightening to the present situation:

> The general rule, supported by our own cases, is stated in Gary's Probate Law, 3d Ed., § 23, p. 20, relative to the power of the probate court to determine the title to contested property, and it is limited as to contestants "to those interested in such property as equitably or legally entitled to some distributive share therein or in the residue, and to creditors who voluntarily and upon general notice and without special citation present their claims. All controversies between executors, administrators and guardians, or those interested in the particular estate, and other persons not interested in it, must be settled in another forum." *King v. Stevens*, 146 Ark. 443, 225 S.W. 656, and *Thomas v. Thomas*, 150 Ark. 43, 233 S.W. 808.

Accordingly, we cannot say that Appellants are claimants against their uncle's estate simply by virtue of the fact that they claim entitlement to money owed to them by their uncle at the time of his death. Because Appellants are strangers to the estate, the probate court lacked jurisdiction to decide the dispute over the timber

proceeds. The foregoing decision does not preclude Appellants from filing a cause of action in a court with proper jurisdiction.

Reversed and dismissed without prejudice.