Cite as 2022 Ark. App. 300

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CV-21-450

| | |
|---|---|
| JOSEPH FENWICK<br><br>APPELLANT<br><br>V.<br><br>MARCIA CLARK, AS EXECUTRIX OF THE ESTATE OF DOROTHY J. FENWICK, DECEASED<br><br>APPELLEE | Opinion Delivered August 31, 2022<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NO. 66FPR-19-503]<br><br>HONORABLE SHANNON L. BLATT, JUDGE<br><br>AFFIRMED |

## ROBERT J. GLADWIN, Judge

Joseph Fenwick appeals the July 15, 2021 order of the Sebastian County Circuit Court denying his motion to dismiss a motion for declaratory judgment filed by appellee Marcia Clark, as Executrix of the Estate of Dorothy J. Fenwick, deceased. Joseph argues that the circuit court erred when it held that the probate division is the proper division for jurisdiction of the issues in this case because the particular dispute between Marcia and him concerns their respective interests in certain property that passed outside of the estate. We affirm.

I. *Facts and Procedural History*

Dorothy and Joseph married on August 16, 2018. Dorothy subsequently purchased a home located at 6521 Euper Lane, Fort Smith, Arkansas ("Property"), in her name only.

Dorothy conveyed the Property by beneficiary deed ("Deed") to her daughter, Marcia, on July 17, 2019. Joseph joined in the conveyance of the Deed solely for the purpose of conveying his spousal interest. The Deed reads as follows:

> BENEFICIARY DEED
> CAUTION: THIS DEED MUST BE RECORDED PRIOR TO THE DEATH OF THE GRANTOR IN ORDER TO BE EFFECTIVE
>
> KNOW ALL MEN BY THESE PRESENTS:
>
> That we, Dorothy J, Fenwick, joined by spouse Joseph Fenwick (signing solely for his spousal interest), hereinafter called GRANTORS, for and in consideration of the sum of TEN DOLLARS and other good and valuable consideration paid by Marcia Clark, a married person, do hereby. Grant, bargain, sell and convey, effective on their death, unto said Grantee and Grantee's heirs and assigns forever, the following described property situate in the County of Sebastian, State of Arkansas, to-wit: ·
>
> > Lot 5, Cliffwood, an Addition to the City of Fort Smith, Arkansas, according to plat filed November 21, 1961, in the land records of Sebastian County, Arkansas.
>
> TO HAVE AND TO HOLD The same unto the GRANTEE and unto her heirs and assigns forever, with all appurtenances thereunto belonging.
>
> This beneficiary deed is not to take effect until the death of Dorothy J. Fenwick.[1]
>
> WITNESS our bands this 17th day of July 2019.

The Deed was filed on July 18, prior to Dorothy's death on August 9, at which time Dorothy and Joseph were still married.

---

[1]One part of the deed reads it is "effective on their death," while another part of the deed reads it "is not to take effect until the death of Dorothy J. Fenwick."

On September 23, Joseph filed a petition stating that Dorothy died intestate; asked to be named administrator of her estate; listed the aforementioned Property as a portion of Dorothy's estate in paragraph 4; and in paragraph 7, pursuant to Ark. Code Ann. § 18-12-608 (Supp. 2021), elected to take his spousal life estate in the marital residence located on the Property (and attached as exhibit "B" a copy of the Deed). At no point during this case did Joseph withdraw his claim for his spousal life estate.

On October 18, Marcia filed a petition for probate of Dorothy's will, which was dated October 14, 2012, and nominated herself to serve as executrix without bond. The same day, Marcia also filed an objection to Joseph's September 23 petition. On October 28, Joseph was appointed administrator of Dorothy's estate, but that order was set aside on November 15, and the matter was set for a hearing on November 19. However, before that time, the parties agreed that the probate of Dorothy's will was proper; that Marcia should be appointed executrix; and that the matter would proceed under probate of the will rather than as an administration of the estate. The order of probate was filed on November 22, pursuant to which Marcia was appointed executrix without objection from Joseph, and letters testamentary were issued.

On January 5, 2021, Marcia, in her capacity as executrix, moved for declaratory judgment requesting that, because Dorothy's will did not mention any real property owned by her, the probate division determine that the Property that was the subject of the Deed was not subject to administration by the probate court and to resolve Joseph's and her interests therein. In paragraph 10, Marcia expressed her belief, as supported by the attorney who

drafted the Deed, that the word "their," which appears in the body of the Deed in the phrase "effective upon their death," was a typographical error on the part of the drafting attorney; that Joseph signed the Deed solely for his spousal interest and not because he was an owner of the Property; and that Dorothy expressly intended that the Property be conveyed to Marcia at Dorothy's death rather than at the death of both Dorothy and Joseph. Marcia moved for contempt against Joseph the same day for the willful disposition of estate personal property without authorization.

On January 19, Joseph filed his response to Marcia's motions for declaratory judgment and contempt, and on February 11, he moved to dismiss Marcia's motion and filed a separate motion for summary judgment. On February 22, Marcia filed answers to Joseph's motion to dismiss and motion for summary judgment. On March 5, Joseph filed a reply to Marcia's response to his motions to dismiss and for contempt.

On April 9, Marcia filed a motion asking the circuit court to issue an order directing Joseph to allow her access to the marital residence in order for her to inventory any and all personal property owned by Dorothy. Further, she asked the circuit court to direct Joseph to cooperate with her in the inventory and to provide her with all the information he had concerning the removal, distribution, and disposition of any of Dorothy's personal property that had been removed from the residence since her death. On April 12, Joseph filed a response to Marcia's motion agreeing to an inspection of the property.

On May 3, the circuit court entered an order noting that Marcia had withdrawn her motion for contempt and ordering that Joseph file a motion regarding his concerns over

jurisdictional issues. On May 5, Joseph moved to deny and dismiss Marcia's motion for declaratory judgment. Marcia filed an answer on May 17; Joseph filed a reply on May 21; and Marcia filed an answer to his reply on May 29. On July 15, the circuit court entered an order on the parties' pending motions and found that the probate division was the proper division for jurisdiction of the issues in this case. Joseph filed a timely notice of appeal on August 5, and this appeal followed.

II. *Standard of Review and Applicable Law*

This case raises a question of law regarding the jurisdiction—or power—of a circuit court presiding over the probate of a decedent's will to adjudicate the parties' interests in certain property. Questions of law are reviewed de novo by this court. *Bennett v. Graves & Assocs., Inc.*, 2019 Ark. App. 99, at 3, 571 S.W.3d 528, 530.

Probate proceedings adjudicate specific matters carefully defined by statute. The probate jurisdiction of the circuit court includes:

(1) The administration, settlement, and distribution of estates of decedents;

(2) The probate of wills;

(3) The persons and estates of minors;

(4) Persons of unsound mind and their estates;

(5) The determination of heirship or of adoption;

(6) The restoration of lost wills and the construction of wills when incident to the administration of an estate; and

(7) All such other matters as are provided by law.

Ark. Code Ann. § 28-1-104 (Repl. 2012).

### III. *Discussion*

This appeal arises from the disagreement between Joseph and Marcia regarding the result of the Deed. Marcia contends that the Deed conveyed to her a fee-simple interest in the Property upon her mother's death, while Joseph contends that the Deed conveyed a life estate to him and that Marcia's fee-simple ownership of the Property commences upon his death. But both agree that if the Deed is valid, then the Property is not an asset of Dorothy's estate and does not pass through her will.

Joseph argues on appeal that the two *individuals* involved—Marcia and Joseph—cannot adjudicate their interests in the Property because the Property is not a part of Dorothy's estate in a case within the probate division where Dorothy's will was being probated. He claims that a separate case needs to be initiated between Marcia *in her individual capacity* and him in the civil division of the circuit court where the effect of the wording of the Deed can be adjudicated. Because Marcia's motion asked the probate division of the circuit court to adjudicate the interests of two individuals who claim an interest in the Property in their own rights and not as heirs or devisees to property that is not part of the estate, Joseph maintains that the wrong party filed for relief in the wrong matter before the wrong division of the circuit court.

Joseph acknowledges that the first two categories of probate jurisdiction govern the underlying matter in that it is a probate proceeding initiated to administer, settle, and distribute Dorothy's estate's property pursuant to her will. *See* Ark. Code Ann. § 28-1-

104(1)–(2). But he maintains that this particular dispute over Marcia's and his respective interests in the Property does *not* concern the "administration, settlement, and distribution" of Dorothy's estate.

Joseph argues that the very effect of a deed creating survivorship interests is to make the property pass by operation of law and outside of the decedent's estate. *See, e.g., Gladson v. Gladson*, 304 Ark. 156, 158, 800 S.W.2d 709, 710 (1990). Accordingly, he argues that the adjudication of the respective interests created by the Deed must occur in a civil proceeding rather than in a probate proceeding and, specifically, that the circuit court erred in finding that it is the proper division for jurisdiction of the issues in this case.

Joseph asserts that with respect to their interests in the Property, Marcia and he are "strangers" to the estate. *See, e.g., Smith v. Smith*, 338 Ark. 526, 998 S.W.2d 745 (1999); *Jolly v. Estate of Jolly*, 333 Ark. 394, 970 S.W.2d 221 (1998); *O'Fallon v. O'Fallon*, 335 Ark. 229, 980 S.W.2d 246 (1998). He maintains this is because both he and Marcia claim their interest in the Property by way of the Deed rather than as heirs or devisees of the estate and that such disputes are to be adjudicated outside the probate matter. *Smith*, 338 Ark. 526, 998 S.W.2d 745.

Joseph focuses his argument on the fact that Marcia, in her individual capacity, and Joseph are real parties in interest in this dispute and that no action currently exists between Marcia, in her individual capacity, and him, much less one that seeks to adjudicate their respective interests in the Property. No complaint has been filed and served invoking the circuit court's civil jurisdiction over that controversy.

7

Joseph maintains that the consolidation of all circuit court jurisdiction into the circuit court by Amendment 80 to the Arkansas Constitution does not alter his reasoning. He clarifies that he is not contending that the same circuit court presiding over the probate matter lacks jurisdiction to decide the civil matter between Marcia and him. Rather, he asserts that the correct method for invoking jurisdiction is for Marcia, individually, to file a civil complaint against him to adjudicate their respective rights under the Deed. Joseph notes that he is not seeking to deprive Marcia of the opportunity to adjudicate the matter between them over the meaning and validity of the Deed. He merely seeks to have it litigated in a civil case initiated between the correct parties outside of this probate matter. Accordingly, he argues that the motion for declaratory judgment should have been denied and dismissed.

We disagree. Amendment 80, which revamped the Judicial Article of the Arkansas Constitution, was adopted in November 2000, and became effective on July 1, 2001. Section 19(B)(1) states, "The Jurisdiction conferred on Circuit Courts established by this Amendment includes all matters previously cognizable by Circuit, Chancery, Probate and Juvenile Courts" and that "Circuit Courts shall assume the jurisdiction of Circuit, Chancery, Probate and Juvenile Courts." Arkansas Supreme Court Administrative Order No. 14(a) further provide that the "designation of divisions is for the purpose of judicial administration . . . and is not for the purpose of subject-matter jurisdiction." And the Arkansas Supreme Court has held that "the creation of divisions shall in no way limit the powers and duties of the judges to hear all matters within the jurisdiction of the circuit court." *See Young v. Ark. Dep't of Hum. Servs.*, 2012 Ark. 334, at 4 (quoting Ark. Sup. Ct. Admin. Order No. 14(a)).

Joseph filed the initial probate action and specifically asserted that the Property was a portion of the marital estate and that he was claiming his spousal rights in same. The estate relied on Joseph's allegations that (1) the Property constitutes a portion of the estate; (2) the Property is a marital residence; and (3) Joseph is electing his spousal life estate in that marital residence to the detriment of, and at considerable time and expense to, the estate. We note that Joseph never withdrew his claims in any of his subsequent pleadings, and the estate had to seek a determination of his claims before the circuit court. Moreover, because this matter was pending before the circuit court and now is on appeal, the estate has been precluded from taking any further action regarding this matter.

*O'Fallon*, on which Joseph heavily relies, is an example of strangers or third persons to an estate, but it is both a pre-Amendment 80 case and factually distinguishable from this matter. In *O'Fallon*, Ronnie O'Fallon did not claim his interest in the relevant property as a beneficiary of his father's estate but rather as a donee of a gift his father gave him before his death. Here, Joseph claimed his interest in "marital" property that he asserted is part of Dorothy's estate. Joseph's claim of a spousal life estate is an inchoate interest that ripens into a vested right only upon Dorothy's death. He made his claim in the probate court through his own pleadings, stating that he is the surviving spouse and heir.

The probate division of the circuit court has the power to determine whether real property is included in an estate. Further, the personal representative is obligated to determine whether the court should find it necessary for real property to become an asset in the hands of the personal representative to be sold, leased, mortgaged, or exchanged. *See*

9

Ark. Code Ann. § 28-49-102 (Repl. 2012). Joseph placed the property in question at issue by including the property as a portion of Dorothy's estate at paragraph 4 of his petition for appointment of administrator and "electing his spousal life estate in the marital residence located at 6521 Euper Lane, Fort Smith, Arkansas." He even initially obtained an order appointing himself as administrator, drafted by his attorney—although later overturned—which states at paragraph 3 "[t]hat this Court has jurisdiction." Moreover, Joseph filed multiple pleadings requesting relief from the circuit court, never withdrew his initial claims, and did not contest jurisdiction in any filing until his motion to dismiss.

We hold that the circuit court correctly concluded that it had jurisdiction to determine the specific issues pending before it at the time of its order and note that Joseph himself put such issues in contention. Joseph's claim that the circuit court lacks jurisdiction is an attempt to disavow and evade his own pleadings and is without merit. Accordingly, we affirm.

Affirmed.

ABRAMSON and VAUGHT, JJ., agree.

*Caddell Reynolds, P.A.*, by: *Bill D. Reynolds*; and *Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*, for appellant.

*Paul R. Post*, for appellee.